UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA ENVIRONMENTAL ACTION NETWORK AND STEPHANIE ANTHONY,<br><br>*Plaintiffs,*<br><br>v.<br><br>EXXON MOBIL CORP. d/b/a/ EXXONMOBIL CHEMICAL CO.,<br><br>*Defendant.* | CIVIL ACTION NO.<br>3:16-CV-00144-SDD-RLB |

## DEFENDANT EXXON MOBIL CORPORATION'S ANSWER

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Exxon Mobil Corporation ("ExxonMobil" or "Defendant"), and for its answer to the allegations in the Complaint of Plaintiffs Louisiana Environmental Action Network ("LEAN") and Stephanie Anthony (collectively referred to herein as "Plaintiffs"), respectfully avers, upon information and belief, as follows:

### I. ANSWER

In response to the specific paragraphs of the Complaint, Defendant answers as follows:

1. The allegations in the first sentence of Paragraph 1 consist of Plaintiffs' characterization of their case, to which no answer is required. The allegations in the first sentence of Paragraph 1 also purport to characterize certain regulations, which speak for themselves and are the best evidence of their contents. To the extent that the allegations are inconsistent with the plain language and context of the referenced regulations, they are denied. To the extent that a response is required, Defendant admits that this action purports to be a citizen enforcement action under the Clean Air Act. Defendant denies the alleged violations and denies that Plaintiffs are entitled to any relief. The allegations in the second sentence of

-1-

Paragraph 1 constitute legal conclusions to which no response is required. The second sentence in Paragraph 1 also includes allegations purporting to describe the area near Defendant's facility, and Defendant lacks sufficient knowledge or information to answer these allegations.

2.    The allegations in the first sentence of Paragraph 2 are vague, ambiguous, and inflammatory with respect to the terms "thousands of pounds" and "harmful," and, accordingly, those allegations are denied. The remainder of the first sentence of Paragraph 2 constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in the first sentence of Paragraph 2. The allegations in the second sentence of Paragraph 2 are vague, ambiguous, and inflammatory with respect to the term "dangerous," and, accordingly, those allegations are denied. The second sentence in Paragraph 2 lists substances for which Defendant has emission limits set forth by state and/or federal regulations or operating permits, which speak for themselves and are the best evidence of their contents. With respect to any additional allegations in the second sentence of Paragraph 2, Defendant denies the allegations.

3.    Defendant denies the violations alleged in Paragraph 3. Defendant admits the existence of a 2013 Settlement Agreement between Defendant and the Louisiana Department of Environmental Quality ("LDEQ"). This document speaks for itself and is the best evidence of its contents. Defendant admits to having received a letter from Plaintiffs' counsel dated January 30, 2015; Plaintiffs' characterization of this letter is a legal conclusion to which no response is required.

4.    Defendant denies the violations alleged in Paragraph 4. The allegation in Paragraph 4 respecting Defendant's regulatory obligations is a conclusion of law to which no

response is required. Defendant lacks sufficient knowledge or information to respond to the remaining allegations in Paragraph 4.

5.  The allegations in Paragraph 5 purport to characterize certain statutes, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the plain language and context of the statutes cited, the allegations are denied. To the extent a further response is required, Defendant admits that this action purports to raise a federal question under 28 U.S.C. § 1331 and purports to assert a claim that it is eligible for relief under 28 U.S.C. § 2201. Defendant denies that jurisdiction arises under 42 U.S.C. § 7604.

6.  Paragraph 6 contains a conclusion of law to which no response is required. Defendant admits that the facility identified in Paragraph 6 is located at the address specified in Paragraph 6.

7.  The allegations in the first sentence of Paragraph 7 contain a conclusion of law to which no response is required. The first sentence of Paragraph 7 purports to describe a letter from Plaintiffs' counsel dated April 22, 2013, which document speaks for itself and is the best evidence of its contents. The fourth sentence of Paragraph 7 purports to describe a letter from Plaintiffs' counsel dated January 30, 2015, which document speaks for itself and is the best evidence of its contents. Defendant admits having received a letter from Plaintiffs' counsel dated April 22, 2013. Defendant admits having received a letter from Plaintiffs' counsel dated January 30, 2015. With respect to the remaining allegations in Paragraph 7, Defendant lacks sufficient knowledge or information to form a belief as to the truth of these allegations and therefore denies them.

8. The allegations in Paragraph 8 are conclusions of law to which no response is required. To the extent that further response is required, Defendant denies the allegations in Paragraph 8.

9. The allegations in the first sentence of Paragraph 9 constitute legal conclusions to which no response is required. The allegations in the second sentence of Paragraph 9 constitute legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations in Paragraph 9.

10. The allegations in Paragraph 10 constitute legal conclusions to which no response is required. To the extent that any response is required, Defendant denies the allegations in Paragraph 10.

11. The first sentence in Paragraph 11 contains a legal conclusion to which no response is required. With respect to the remaining allegations in Paragraph 11, Defendant denies the allegations for lack of knowledge sufficient to justify a belief therein.

12. Defendant denies any violations of law and denies the remaining allegations in Paragraph 12 for lack of knowledge sufficient to justify a belief therein.

13. The allegations in Paragraph 13 consist of Plaintiffs' characterization of this matter and conclusions of law, to which no response is required. To the extent a further response is required, Defendant denies any violations of law, denies the allegation of unpermitted emissions, and denies that Plaintiffs' interests have been harmed in any legally cognizable way. Defendant denies all remaining allegations in Paragraph 13 due to lack of knowledge or information sufficient to justify a belief therein.

14. The allegations in Paragraph 14 include a conclusion of law to which no response is required. To the extent a further response is required, Defendant denies any violations of law

and denies that Plaintiffs' interests have been harmed in any legally cognizable way. Defendant denies the remaining allegations in Paragraph 14 due to lack of knowledge or information sufficient to justify a belief therein.

15. The allegations in Paragraph 15 include conclusions of law to which no response is required. To the extent a further response is required, Defendant denies any violations of law and denies that Plaintiffs have been harmed in any legally cognizable way. Defendant denies the remaining allegations in Paragraph 15 due to lack of knowledge or information sufficient to justify a belief therein.

16. The allegations in Paragraph 16 contain conclusions of law to which no response is required. To the extent a further response is required, Defendant denies any violations of law and denies that Plaintiffs have been harmed in any legally cognizable way. Defendant denies the remaining allegations in Paragraph 16 due to lack of knowledge or information sufficient to justify a belief therein.

17. The allegations in Paragraph 17 consist of Plaintiffs' characterization of their lawsuit and conclusions of law to which no response is required. To the extent a further response is required, Defendant denies any violations of law, denies that Plaintiffs have been harmed in any legally cognizable way, and denies that Plaintiffs are entitled to relief.

18. Defendant admits the allegations in Paragraph 18.

19. The allegations in Paragraph 19 constitute conclusions of law to which no response is required.

20. Defendant admits the allegations in Paragraph 20.

21. The allegations in Paragraph 21 are vague, ambiguous, and inflammatory with respect to the terms "releases," "harmful," "pollutants," "threaten," "public health," and "welfare," and accordingly these allegations are denied.

22. The allegations in the first two sentences of Paragraph 22 are vague, ambiguous, and inflammatory with respect to the terms "harmful," "airway irritation," "coughing," "breathing difficulties," "aggravation of asthma," "increased susceptibility to respiratory diseases," and "permanent lung damage," and accordingly the allegations in the first two sentences of Paragraph 22 are denied. The allegations in the third sentence of Paragraph 22 purport to characterize the cited Federal Register notice, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

23. Defendant admits the allegations in Paragraph 23.

24. The allegations in Paragraph 24 are vague, ambiguous, and inflammatory with respect to the terms "known," "cause," and "other neurological, reproductive, developmental, and respiratory problems," and accordingly the allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 contain conclusions of law, to which no response is required. The remaining allegations in Paragraph 25 are vague, ambiguous, and inflammatory with respect to the terms "emissions," "contribute," "harmful," "near," "elsewhere," and "surrounding area," and accordingly these allegations are denied.

26. The allegations in Paragraph 26 contain legal conclusions, to which no response is required. To the extent that further response is required, Defendant denies any violations of law and denies that Plaintiffs have been harmed in any legally cognizable way.

27. The allegations in Paragraph 27 contain Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent that further response is

required, Defendant denies any violations of law and denies that Plaintiffs have been harmed in any legally cognizable way.

28. The allegations in Paragraph 28 purport to quote from and characterize the cited statute, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

29. The allegations in Paragraph 29 purport to characterize the cited statute and regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. Defendant avers that regulations implementing 42 U.S.C. § 7409 are codified at 40 C.F.R. Part 50.

30. The allegations in Paragraph 30 purport to characterize the cited statute and regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. Defendant avers that regulations establishing National Emission Standards for Hazardous Air Pollutants are codified at 40 C.F.R. Parts 61 and 63.

31. The allegations in Paragraph 31 purport to characterize the cited statute, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

32. The allegations in Paragraph 32 purport to characterize the cited regulation, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

33. The allegations in Paragraph 33 purport to characterize the cited regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

34. The allegations in the first sentence of Paragraph 34 include a legal characterization to which no response is required. The remaining allegations in Paragraph 34 purport to quote from and characterize the cited regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

35. The allegations in Paragraph 35 purport to quote from and characterize the cited statute, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

36. The allegations in Paragraph 36 purport to quote from and characterize the cited statute, which speaks for itself and is the best evidence of its contents; any allegations contrary to its plain language and context are denied.

37. The allegations in Paragraph 37 purport to quote from and characterize the cited regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

38. The allegations in the first sentence of Paragraph 38 purport to quote from and characterize the cited regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The allegations in the second sentence of Paragraph 38 contain a legal conclusion to which no response is required. The remaining allegations in the second sentence of Paragraph 38 purport to quote from and characterize the cited regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The third sentence of Paragraph 38 purports to characterize the cited regulations, which speak for

themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

39. The allegations in Paragraph 39 purport to characterize the cited permits, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

40. The allegations in Paragraph 40 purport to characterize the cited permits, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied.

41. The allegations in Paragraph 41 contain legal conclusions for which no answer is required; however, to the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 41.

42. The allegations in Paragraph 42 constitute Plaintiffs' characterization of their case and legal conclusions to which no response is required. To the extent that further response is required, Defendant denies any violations of law. With respect to the allegations in Paragraph 42 that reference the cited document attached to the Complaint, Defendant denies the allegations and denies that the cited document is an accurate depiction of what it purports to contain.

43. The allegations in Paragraph 43 contain legal conclusions for which no answer is required; however, to the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 43.

44. The allegations in Paragraph 44 contain legal conclusions for which no answer is required; however, to the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 44.

45. The allegations in Paragraph 45 contain legal conclusions for which no answer is required; however, to the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 45.

46. The allegations in Paragraph 46 purport to characterize the cited Unauthorized Discharge Notification Reports, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The remaining allegations in Paragraph 46 contain legal conclusions for which no answer is required; however, to the extent an answer is deemed necessary, Defendant denies those allegations.

47. The allegations in Paragraph 47 and footnotes 1, 2, and 3 purport to characterize the cited Unauthorized Discharge Notification Reports, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The remaining allegations in Paragraph 47 and footnotes 1, 2, and 3 contain legal conclusions to which no response is required; however, to the extent an answer is deemed necessary, Defendant denies those allegations.

48. The allegations in Paragraph 48 purport to characterize the cited Unauthorized Discharge Notification Reports and regulations, which speak for themselves and are the best evidence of their contents; any allegations contrary to their plain language and context are denied. The remaining allegations in Paragraph 48 constitute legal conclusions to which no response is required; however, to the extent an answer is deemed necessary, Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in the Prayer for Relief.

Defendant further denies each and every other allegation in the Complaint, including those in the preamble, section headings, the prayer for relief, and any unnumbered or misnumbered paragraphs.

## II.  AFFIRMATIVE DEFENSES

**AND NOW**, Defendant Exxon Mobil Corporation asserts the following affirmative defenses against Plaintiffs:

### *Defense 1*

50.  Plaintiffs have failed to state a claim upon which relief can be granted.

### *Defense 2*

51.  Plaintiffs have failed to perform all conditions precedent and provide proper notice as statutorily required.

### *Defense 3*

52.  To the extent Defendant has any liability, it is entitled to an offset or credit for sums paid or expended by Defendant pursuant to the Settlement Agreement and Stipulated Penalty Agreement between Defendant and LDEQ.

### *Defense 4*

53.  Plaintiffs' claims are barred by res judicata.

### *Defense 5*

54.  Plaintiffs' claims are barred by laches.

### *Defense 6*

55.  Plaintiffs' claims are moot.

### *Defense 7*

56.  Plaintiffs lack standing to bring this lawsuit.

### III.  PRAYER FOR RELIEF

**WHEREFORE**, Exxon Mobil Corporation prays that its Answer be deemed good and sufficient and that, after due proceedings, Plaintiffs' Complaint be dismissed, with prejudice, all costs to be borne by Plaintiffs.

Respectfully submitted,

**LISKOW & LEWIS**

    */s/ Michael P. Cash*
**Michael P. Cash**
**Lead Attorney**
Louisiana State Bar No. 31655
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
E-mail:  mcash@liskow.com

**Monica Derbes Gibson**
Louisiana State Bar No. 29584
*Application for Admission to the Bar*
*of the Middle District of Louisiana Pending*
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 556-4056
Facsimile:  (504) 556-4108
Email:  mdgibson@liskow.com

**Carlos J. Moreno**
Texas State Bar No. 24070297
*Motion to Appear Pro Hac Vice Pending*
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 651-2900
Facsimile:  (713) 651-2908
Email:  cjmoreno@liskow.com

        **Jillian M. Marullo**
        Texas State Bar No. 24080504
        *Motion to Appear Pro Hac Vice Pending*
        1001 Fannin Street, Suite 1800
        Houston, Texas 77002
        Telephone:  (713) 651-2900
        Facsimile:  (713) 651-2908
        Email:  jmmarullo@liskow.com

**ATTORNEYS FOR EXXON MOBIL CORPORATION**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the above and foregoing has been served upon all counsel of record by electronic mail by the Clerk of the Court via the CM/ECF system, by placing same in the United States mail, properly addressed and postage prepaid, and/or by electronic mail this 3rd day of May, 2016.

                                            */s/ Michael P. Cash*
                                            Michael P. Cash