UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA ENVIRONMENTAL                       CIVIL ACTION
ACTION NETWORK AND
STEPHANIE ANTHONY

VERSUS                                                          16-144-SDD-RLB

EXXON MOBIL CORP. d/b/a
EXXONMOBIL CHEMICAL CO.

## RULING

This matter is before the Court on the *Motion for Reconsideration*[1] filed by Plaintiffs, Louisiana Environmental Action Network ("LEAN") and Stephanie Anthony ("Anthony") or ("Plaintiffs"), of the Court's *Ruling*[2] granting partial summary judgment in favor of Defendant, ExxonMobil Corp. d/b/a ExxonMobil Chemical Co. ("Defendant"). Defendant has filed an *Opposition*[3] to this motion to which Plaintiffs filed a *Reply*.[4] For the following reasons, the Court finds that Plaintiffs' motion should be denied.

**I.**     **FACTUAL & PROCEDURAL BACKGROUND**

Plaintiffs filed this lawsuit claiming the Defendant has violated the Clean Air Act ("CAA") by emitting air pollutants in violation of its permit and by failing to report unauthorized discharges in accordance with applicable regulations.[5] Plaintiffs bring this

---

[1] Rec. Doc. No. 72.
[2] Rec. Doc. No. 52.
[3] Rec. Doc. No. 74.
[4] Rec. Doc. No. 80.
[5] Rec. Doc. No. 1, ¶¶ 41-48.
39781

suit pursuant to the Clean Air Act's citizen suit provision.[6] The Defendant has operated a chemical manufacturing facility in Baton Rouge, Louisiana since the 1940s. In addition to other environmental statutes, this facility is regulated by the CAA. The Louisiana Department of Environmental Quality ("LDEQ") has issued to the facility several operating permits pursuant to Louisiana's Part 70 permitting program which implements Title V of the CAA. At issue in the pending motion is Plaintiffs' second cause of action which alleges that Defendant submitted unauthorized discharge notification reports that did not include information required under the Louisiana Administrative Code's general written notification requirements (Section 3925)[7] which are referenced in the current Code provisions requiring notification of unauthorized discharge of any air pollutant (Section 927).[8]

The Defendant moved for partial summary judgment on Plaintiffs' second cause of action on the following grounds: (1) the regulation Plaintiffs sought to enforce have never been incorporated into Louisiana's State Implementation Plan and were therefore not federally enforceable under the CAA; or alternatively, (2) Plaintiffs lacked statutory standing to bring this cause of action for a requirement that has not been incorporated into the Louisiana State Implementation Plan.

Plaintiffs conceded that the 1993 amendment to Section 927 has never been incorporated into the Louisiana State Implementation Plan ("SIP") and was, thus, federally unenforceable under CAA;[9] however, Plaintiffs sought a dismissal without prejudice. The

---

[6] 42 U.S.C. § 7604(a)(1).
[7] La. Admin. Code tit. 33, pt. I, § 3925.
[8] *Id.*, pt. III, § 927.
[9] Rec. Doc. No. 52, pp 5-6.
39781

Court declined this request citing Fifth Circuit precedent which forecloses granting summary judgment without prejudice as a summary judgment is a procedural adjudication on the merits.[10]

Plaintiffs now move for reconsideration of the Court's previous *Ruling* on the basis that the Court lacked subject matter jurisdiction over Plaintiffs' second cause of action. Plaintiffs also claim the Court has the authority to convert Defendant's *Motion for Summary Judgment* to a 12(b)(1) *Motion to Dismiss* and dismiss the second cause of action without prejudice.

## II. LAW AND ANALYSIS

### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order.[11] The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as a Rule 59(e) motion to alter or amend.[12] However, reconsideration of a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts.[13] A motion for reconsideration calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence."[14] Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the

---

[10] *Id.* at pp. 6-7.
[11] *Bass v. U.S. Dept. of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).
[12] Fed. R. Civ. P. 59(e); *St. Paul Mercury Ins. Co. v. Fairgrounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997); *Sawhney v. TD Ameritrade, Inc.*, 2010 WL 5057413, at *1 (E.D. La. Dec. 2, 2010).
[13] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[14] *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).
39781

understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'"[15]

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment."[16] Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction."[17] Within the Middle District, "three major grounds" have been recognized as justifying reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."[18]

### B. The Parties' Arguments

Plaintiffs allege that the Court's dismissal of their second cause of action with prejudice constitutes a clear error or results in manifest injustice. Plaintiffs contend Defendant's basis for summary judgment raised the issue of subject matter jurisdiction and therefore should have been raised as a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs reason that, since the regulations within Section 3925 are federally unenforceable, the Court lacked subject matter jurisdiction to adjudicate this claim and, since it did not address the claim on its merits, the Court should not have dismissed the claim with prejudice.

---

[15] *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).
[16] *Templet*, 367 F.3d at 478-79.
[17] *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).
[18] *Kumasi v. Unknown Cochran*, 2015 WL 5033594, *2 (M.D.La. Aug. 25, 2015)(quoting *J.M.C. v. La. Bd. of Elementary and Secondary Educ.*, 584 F.Supp.2d 894, 896 (M.D.La. Oct. 20, 2008)(quoting *Shields v. Shetler*, 120 F.R.D. 123, 126 (D.Colo. 1998)).
39781

Defendant opposes Plaintiffs' motion and argues that the Court granted summary judgment on Plaintiffs' second cause of action because Plaintiffs were unable to meet their summary judgment burden of establishing an essential element of this claim – that certain state law requirements be incorporated into a State Implementation Plan - not because subject matter jurisdiction was lacking. Thus, Defendant contends that summary judgment was granted because Plaintiffs failed to show the existence of an emission standard or limitation under the CAA, an essential element of their claim. Defendant further claims that Plaintiffs raised the subject matter jurisdiction argument in their *Surreply*;[19] therefore, it was considered and rejected by this Court in the *Ruling* and is not appropriately before the Court on reconsideration.

**C. Analysis**

The Court finds that Plaintiffs have failed to establish that the Court committed manifest error such that the Court should reconsider its *Ruling* granting summary judgment on Plaintiffs' second cause of action. The Fifth Circuit has held that, "in cases where the basis of the federal jurisdiction is also an element of the plaintiff's federal cause of action, the United States Supreme Court has set forth a strict standard for dismissal for lack of subject matter jurisdiction.[20] As the Supreme Court explained in *Bell v. Hood*:

> Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a

---
[19] Rec. Doc. No. 30.
[20] *Clark v. Tarrant County, Texas*, 798 F.2d 736, 741 (5th Cir. 1986).
39781

ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.... The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. [21]

The Fifth Circuit noted that, "[w]here the factual findings regarding subject matter jurisdiction are intertwined with the merits, we apply the standard as set forth in *Bell v. Hood* that the case should not be dismissed for lack of subject matter jurisdiction unless the alleged claim is immaterial or is wholly insubstantial and frivolous."[22] Further, "the questions of subject matter jurisdiction and the merits will normally be considered intertwined where the statute provides both the basis of federal court subject matter jurisdiction and the cause of action."[23]

In this case, the statute at issue both conveys jurisdiction and creates a cause of action. The determination of whether Plaintiffs have federal question jurisdiction under the CAA and can satisfy the essential elements of this claim are intertwined. The Fifth Circuit has instructed that, "[w]here the challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, and assuming that the plaintiff's federal claim is neither insubstantial, frivolous, nor made solely for the purpose of obtaining jurisdiction, the district court should find that it has jurisdiction over the case and deal with the defendant's challenge as an attack on the merits."[24]

---

[21] 327 U.S. 678, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

[22] *Clark*, 798 F.2d at 741-42 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

[23] *Id.* at 742 (citing *Sun Valley Gas v. Ernst Enterprises, Inc.*, 711 F.2d 138, 139 (9th Cir.1983)).

[24] *Id.* (citing *Williamson, supra*, at 415). See also *In re Katrina Canal Breaches Consolidated Litigation*, 471 F.Supp.2d 684, 688 (E.D. La. 2007)("In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th 39781

In this case, the jurisdictional basis for federal question jurisdiction of Plaintiffs' second cause of action was also an essential element of the claim; thus, the question of jurisdiction was intertwined with the merits. The Court was not required to dismiss the claim without prejudice for lack of jurisdiction; rather, the Court was presented with a claim upon which federal question jurisdiction was asserted by Plaintiffs, and the Court determined that Plaintiffs failed to carry their summary judgment burden on the merits as an essential element of their claim – which also conveyed federal question jurisdiction – was lacking.

## III. CONCLUSION

For the reasons set forth above, Plaintiffs' *Motion for Reconsideration*[25] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 26, 2017.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

Cir.1981); *see also Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir.1985)).
[25] Rec. Doc. No. 72.
39781