UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA ENVIRONMENTAL ACTION NETWORK AND STEPHANIE ANTHONY | CIVIL ACTION |
| VERSUS | 16-144-SDD-RLB |
| EXXON MOBIL CORP. d/b/a EXXONMOBIL CHEMICAL CO. | |

## RULING

This matter is before the Court on the *Motion for Summary Judgment on Standing*[1] filed by Defendant Exxon Mobil Corp. d/b/a ExxonMobil Chemical Co. ("Defendant" or "ExxonMobil") and the *Second Motion for Summary Judgment on Standing*[2] filed by Plaintiffs, Louisiana Environmental Action Network ("LEAN") and Stephanie Anthony ("Anthony") or ("Plaintiffs"). Each party has filed an *Opposition*[3] to the respective cross-motions, and Plaintiffs filed a *Reply*.[4] Plaintiff previously moved for summary judgment on standing,[5] and the Court denied the motion finding that, while Plaintiffs had demonstrated injury-in-fact that was fairly traceable to Defendant's alleged conduct, Plaintiffs failed to carry their burden of demonstrating redressability.[6] Thus, the cross-motions now before the Court are limited to the issue of redressability. For the following

---

[1] Rec. Doc. No. 92.
[2] Rec. Doc. No. 96.
[3] Rec. Doc. Nos. 103 & 108.
[4] Rec. Doc. No. 113.
[5] Rec. Doc. No. 43.
[6] Rec. Doc. No. 83.
Document Number: 47342

reasons, the Court finds that Plaintiffs have carried their burden of demonstrating redressability and are entitled to summary judgment on standing.

## I. FACTUAL BACKGROUND

This lawsuit was brought by Plaintiffs pursuant to the Clean Air Act's citizen suit provision.[7] The Defendant has operated a chemical manufacturing facility in Baton Rouge, Louisiana since the 1940s which is regulated by the CAA. The Louisiana Department of Environmental Quality ("LDEQ") has issued to the facility several operating permits pursuant to Louisiana's Part 70 permitting program which implements Title V of the CAA.

Between 2008 and 2013, the LDEQ issued Consolidated Compliance Orders and Notices of Potential Penalties and initiated administrative enforcement proceedings pursuant to the Louisiana Environmental Quality Act ("LEQA") against Defendant based on alleged violations of federal and state environmental statutes, regulations, and permits at Defendant's facility, including the CAA and LEQA permits issued. On December 31, 2013, the Defendant and the LDEQ entered into a $2.3 million Settlement Agreement and Stipulated Penalty Agreement ("Settlement Agreement")[8] which resolved the orders and established stipulated penalties for future violations occurring on or after January 1, 2013. Defendant contends the alleged violations in this action are subject to the terms of this Settlement Agreement. Defendant points specifically to the following provisions:

> Respondent, in addition to the payment of civil penalties, performance of injunctive relief (i.e. SPCC projects), and implementation of the beneficial environmental projects (BEPs) required by this agreement, agrees that for any violation(s) occurring on or after January 1, 2013, and which are not resolved through this Settlement Agreement, such violations shall be

---

[7] 42 U.S.C. § 7604(a)(1).
[8] Rec. Doc. Nos. 49-1, 49-2, 49-3, & 49-4.
Document Number: 47342

subject to and resolved pursuant to the terms and conditions of the "LDEQ and ExxonMobil Stipulated Penalty Agreement" (Attachment O).[9]

* * *

For failure to conduct routine testing, monitoring, and/or sampling per site per equipment per analyzer:  $100 per specified period beyond the scheduled testing or monitoring date, but may not exceed $1,000 per event.

For failure to submit test results within the required time frame specified in the applicable Title V permit and/or the applicable federal/state regulations: $100 per test result submitted beyond the required time frame.

For failure to include all required information on testing and/or monitoring records:  $100 per item omitted.[10]

Plaintiffs filed this suit asserting two causes of action:  (1) the Facility emitted air pollutants in excess of permitted limits; and (2) the Defendant submitted unauthorized discharge reports ("UAD"s) that did not contain all of the information required by Louisiana law.  The Parties now move for summary judgment on standing with respect to redressability.

## II.   LAW AND ANALYSIS

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11]  "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[12]  A party moving for summary judgment "must 'demonstrate the absence

---

[9] Rec. Doc. No. 49-1, p. 50.
[10] Rec. Doc. No. 49-4, p. 50; Attachment O, p. 11 of 17.
[11] Fed. R. Civ. P. 56(a).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[14]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16]  All reasonable factual inferences are drawn in favor of the nonmoving party.[17]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[18]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[19]

---

[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[14] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[15] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[17] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[18] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[19] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).

**B. Redressability**

For a party to have standing to sue in federal court, the Constitution requires that three elements be met. A plaintiff must have suffered an injury in fact, that injury must be fairly traceable to the defendant, and "it must be 'likely,' . . . that the injury will be 'redressed by a favorable decision.'"[20]

The CAA provides that no civil suit "may be commenced. . . if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States [ ] to require compliance . . ."[21] In its prior *Ruling*, the Court questioned whether the Settlement Agreements between Defendant and LDEQ fell within this provision, rendering Plaintiffs' claims precluded and thus not redressable. However, Fifth Circuit precedent states that administrative settlements are not encompassed within this provision of the CAA: "[T]he plain meaning of 'court of the United States or a State' excludes administrative actions."[22] Following this rationale, the Court finds that the Settlement Agreements in this case do not preclude Plaintiffs' claims as they are only administrative actions rather than "a civil action in a court of the United States or a State."[23]

In the present case, Plaintiffs seek injunctive and declaratory relief and civil penalties to be used for a beneficial mitigation project.[24] Plaintiffs argue that the

---

[20] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 96 S. Ct. 1917 (1976)).
[21] 42 U.S.C. § 7604(b)(1)(B).
[22] *Texans United for a Safe Econ. Educ. Fund v. Crown Cent. Petroleum Corp.*, 207 F.3d 789, 795 (5th Cir. 2000)(holding that the environmental group, Texans United, was not statutorily precluded from its civil claims notwithstanding an administrative settlement between a Texas state environmental agency and the defendant which predated the suit and further administrative actions undertaken after suit was filed).
[23] 42 U.S.C. § 7604(b)(1)(B).
[24] Rec. Doc. 103, p. 5-6.

Settlement Agreements constitute "penalties previously assessed for the same violation" to be considered by the Court in determining a penalty amount after ruling on the merits.[25] This provision of the CAA clearly contemplates the possibility of redressability in spite of an administrative settlement because the statute instructs the Court to consider these types of settlements when deciding what remedies to grant in an enforcement action like this one.

The forms of relief Plaintiffs seek herein would be "sanction[s] that effectively abate. . .[illegal] conduct and prevent its recurrence."[26] Plaintiffs have offered proof that Defendant continues to violate the CAA, and they seek additional penalties and injunctive relief outside of the Settlement Agreements with LDEQ. While Defendant cites numerous cases for the proposition that LDEQ would be undermined by allowing citizen suits such as Plaintiffs', these cases do not address the issue of redressability and often do not involve the CAA or the sort of continuous violations alleged in this case.

Ultimately, the Defendant cannot escape the Fifth Circuit's decision in *Texans United v. Crown Central Petroleum Corporation*,[27] wherein several environmental organizations brought a citizen suit under the Clean Air Act. The defendant argued that the plaintiffs' injuries were not redressable because a state agency had already obtained all necessary relief through an agreed order.[28] The Fifth Circuit noted that the lawsuit was based on the premise that the agreed order did not "go far enough to ensure that [the defendant would] not violate federal emissions standards in the future," and that the

---

[25] 42 U.S.C. § 7413(e)(1).
[26] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185-86 (2000).
[27] 207 F.3d 789.
[28] *Id.* at 793.

Document Number: 47342

evidence presented by the plaintiffs supported that premise.[29]  The court held:  "[C]itizen suitors have standing to seek civil 'penalties for violations that are ongoing at the time of the complaint and that could continue into the future undeterred.'"[30]  Thus, the plaintiffs had standing to sue, regardless of the state agency's prior enforcement action.[31]

The Court finds that the same reasoning and analysis apply here.  Plaintiffs' suit is premised upon the theory that LDEQ's actions are insufficient to ensure that the Defendant will not continue to violate the CAA.  Further, based on the Settlement Agreement,[32] which contemplates future violations, and the unauthorized discharge reports Defendant has submitted, the Court finds that unauthorized discharges have continued since the settlement and could potentially continue in the future.  Accordingly, the Court finds that Plaintiffs have demonstrated standing to bring this citizens suit.

### III.    CONCLUSION

For the reasons set forth above, the Defendant's *Motion for Summary Judgment on Standing*[33] is DENIED.  Plaintiffs' *Second Motion for Summary Judgment on Standing*[34] is GRANTED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 9th day of August, 2018.

_____
**SHELLY D. DICK, CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[29] *Id.* at 794.
[30] *Id.* (quoting *Friends of the Earth*, 528 U.S. at 169).
[31] *Id.*
[32] Rec. Doc. No. 49-4, Attachment O.
[33] Rec. Doc. No. 92.
[34] Rec. Doc. No. 96.

Document Number: 47342