UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA ENVIRONMENTAL　　　　　　　　　　　　　　CIVIL ACTION
ACTION NETWORK AND
STEPHANIE ANTHONY

VERSUS　　　　　　　　　　　　　　　　　　　　　　　16-144-SDD-RLB

EXXON MOBIL CORP. d/b/a
EXXONMOBIL CHEMICAL CO.

## RULING

This matter is before the Court on the *Motion for Summary Judgment on Liability*[1] filed by Plaintiffs, Louisiana Environmental Action Network ("LEAN") and Stephanie Anthony ("Anthony") or ("Plaintiffs"). Defendant Exxon Mobil Corp. d/b/a ExxonMobil Chemical Co. ("Defendant" or "ExxonMobil") has filed an *Opposition*[2] to the motion, to which Plaintiffs filed a *Reply*.[3] Because the Court finds that there are material facts in dispute, and all inferences must be drawn in favor of the non-moving party, the Defendant,[4] the *Motion for Summary Judgment on Liability* is DENIED.

The factual background in this matter has been previously set forth in the Court's previous *Ruling*[5] and will not be repeated here. In short, Plaintiffs bring this citizens suit

---

[1] Rec. Doc. No. 95.
[2] Rec. Doc. No. 109.
[3] Rec. Doc. No. 112. Defendant also filed a *Sur-Reply*, Rec. Doc. No. 118, to which Plaintiffs filed a *Sur-Sur-Reply*, Rec. Doc. No. 121.
[4] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)("All reasonable factual inferences are drawn in favor of the nonmoving party.").
[5] Rec. Doc. No. 83.
47353

under the Clean Air Act (CAA).[6] Plaintiffs contend the Defendant repeatedly violates the CAA at its Baton Rouge chemical plant and has self-reported at least 142 days of violations. Plaintiffs seek a ruling by this Court finding that Defendant has violated the CAA at least 142 days since March 3, 2011 based on the unauthorized discharge reports Defendant is required to send to LDEQ.

Defendant opposes Plaintiffs' motion and argues that several genuine issues of material fact exists such that summary judgment is not proper on the issue of liability. The Court agrees. The Court finds that the following issues of fact and law, *inter alia*, require the denial of Plaintiffs' motion:

- Whether and/or how many alleged violations have been repeated;

- Whether unauthorized emissions involving substances with no numerical limit can be considered a permit violation of an emission standard of limitation within the purview of the CAA citizen suit provision;

- Whether either Parties' charts and tables interpreting the alleged violations accurately represent the unauthorized discharge reports;

- Whether the defense of "upset" applies in this case;[7]

- Whether the number of violations is the same as the number of days of each violation;

- Several fact and legal issues the Court believes it is necessary to determine by live (and in some cases, expert) testimony.

---

[6] 42 U.S.C. § 7604(a)(1).
[7] Also pending before the Court is Plaintiffs' recently filed *Motion for Summary Judgment on the Unpleaded Affirmative Defense of Upset*, Rec. Doc. No. 126. As briefs are still being filed relating to this motion, the Court has not reached a conclusion on this issue at the time of this *Ruling*.
47353

Accordingly, Plaintiffs' *Motion for Summary Judgment on Liability*[8] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on August 9, 2018.

                                        *Shelly D. Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[8] Rec. Doc. No. 95.

47353